IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-48,464-02






EX PARTE KENNETH CARNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-0386-10 IN THE 7th JUDICIAL DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felony evading
arrest/detention and sentenced to 20 years' imprisonment. Applicant did not appeal this conviction.

 Applicant contends, inter alia, that he could only have been prosecuted for a Class B
misdemeanor because an element of the offense occurred before the 2009 amendments to Tex. Pen.
Code, Section 38.04(b)(1). Applicant has alleged facts that, if true, might entitle him to relief. In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall determine whether applicant used a vehicle in the commission of the evading offense
for which he was convicted. The trial court shall also determine what applicant's counsel advised
applicant about the level of the offense. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether applicant used a vehicle in the
commission of the evading offense for which he was convicted and as to what advice counsel gave
applicant regarding the level of the offense charged. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 14, 2011

Do not publish